IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


KENNETH LEE HUNT                                                                    PLAINTIFF


v.                                      No. 4:04CV02304 GH


UNITED AUTO WORKERS LOCAL 1762, ET AL.                              DEFENDANTS


## **ORDER**

On April 20th, plaintiff filed a motion to stay proceedings as he is a member of the Department of the Army, 90th Regional Readiness Command, who was called for active duty on January 4, 2005 in Green Bay, Wisconsin and received subsequent orders on March 1, 2006 to be deployed to Iraq for a year.  He asks that all proceedings, including discovery which could not be responded to without his input, be stayed during the time of his active duty deployment and ninety days thereafter as provided by the Servicemembers Civil Relief Act[1] ("Act").

IC responded on April 27th that it does not oppose a stay during plaintiff's current period of military service pursuant to the applicable provisions of the Act, but does not waive its affirmative defenses that his claims are barred by the statute of limitations and/or the doctrine of laches by not opposing the stay.  It continues that the Court should consider limiting the stay until 30 days after the end of plaintiff's current period of military service and that plaintiff's attorney be ordered to furnish

---

[1]This Act was previously named the Solders' and Sailors' Civil Relief Act before it was amended in December of 2003.

defendants' attorneys with copies of all documents evidencing the plaintiff's military service since

his December 22, 2002 date of termination as such information should be available to his attorney.

On May 5th, Local 1762 filed a response that plaintiff has not met the statutory requirements

of 50 App. U.S.C. §522 for a stay of discovery as the motion does not state any date when he will

be able to proceed with his claim and the order reassigning plaintiff to Wisconsin does not establish

that his military duty prevents his appearance, does not address whether leave may be authorized and

does not establish that plaintiff would be prevented form participating in the discovery process.

The case of Johnson v. Burken, 930 F.2d 1202, 1204 (7th Cir. 1991) provides the following

summary of the Act:

> The first is whether the stay that the district judge granted under the Soldiers' and Sailors'
> Civil Relief Act bars further proceedings in this court as well as in the district court.  The Act
> entitles a member of the armed forces to a stay of legal proceedings to which he is a party
> while he is on active duty, unless the judge decides that the serviceman's litigation prospects
> are not materially affected by his service status.

See also, In re Watson, 292 B.R. 441, 444-445 (Bkrtcy. S.D. Ga. 2003):

> The SSCRA is to be administered as an instrument to accomplish substantial justice.  Id.;
> Hunt v. Jacobson, 178 Misc. 201, 33 N.Y.S.2d 661 (N.Y. Sup. 1942).  Substantial justice may
> result in detriment to parties who are not in the military service.  50 App. U.S.C.A. § 521
> Note 56 citing Craven v. Vought, Pa.1942, 43 D. & C. 482, 4 Monroe L.R. 11, 58 Montg. 15,
> 55 York 173 ("A stay will be granted, in spite of the possibility that plaintiffs may suffer by
> not being able to prosecute their claims in the courts and the sacrifice is one of those which
> must be made in war for the common good."); Continental Ill. Nat. Bank & Trust Co. v.
> University of Notre Dame Du Lac, 394 Ill. 584, 69 N.E.2d 301 (1946).

As the Court finds that plaintiff's rights in this litigation would not be protected during his

active deployment, a stay is indeed warranted.  To IC's request that the stay be limited to 30 days

after the end of plaintiff's current period of military service, the Court notes that 50 App. U.S.C. §522

(a) states in part that "[t]his section applies to any civil action or proceeding in which the plaintiff or

defendant at the time of filing an application under this section – (1) is in military service or is within

90 days after termination of or release from military service ..." and that 50 App. U.S.C. §525(a) states "[a] stay of an action, proceeding, attachment, or execution made pursuant to the provisions of this Act by a court may be ordered for the period of military service and 90 days thereafter, or for any part of that period.  The court may set the terms and amounts for such installment payments as is considered reasonable by the court." [Emphasis supplied.]  IC has not alleged, much less shown, how its defense would be materially affected by a stay continuing for 90 days rather than 30 days after the end of plaintiff's current period of military service.  However, the Court agrees that plaintiff's attorney should furnish to defendants' attorneys copies of all documents that are available to her evidencing plaintiff's military service since his December 22, 2002 termination.

In light of this stay, the Court directs the Clerk to administratively terminate this action in his records.  Plaintiff will have ninety days after he has returned from active duty in which to file a motion to reopen this case.

Accordingly, plaintiff's April 20th motion (#9) to stay proceedings is hereby granted.  The Clerk is directed to administratively terminate this action in his records.  Plaintiff will have ninety days after he has returned from active duty in which to file a motion to reopen this case.  Plaintiff's attorney should furnish to defendants' attorneys copies of all documents that are available to her evidencing plaintiff's military service since his December 22, 2002 termination.

IT IS SO ORDERED this 7th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE